IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE R. NAVARRO,

        Plaintiff,

v.                                Civ. No. 08-221 MV/LAM

LOCKHEED MARTIN TECHNICAL OPERATIONS, INC.;
LOCKHEED MARTIN, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Complaint Based Upon Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 5, filed January 12, 2009). For the reasons stated below, the Motion will be **GRANTED in part** and **DENIED in part.** This case is **DISMISSED.**

**Subject Matter Jurisdiction**

Plaintiff is a Hispanic of Mexican origin and has been diagnosed with dyslexia. (Complaint ¶¶ 7-8, Doc. No. 1, filed February 29, 2008). Defendants hired Plaintiff in December 2000. (*Id.* ¶ 10). Defendants demoted Plaintiff in 2003 and later promoted him in 2004. (*Id.* ¶¶ 22-30). Plaintiff resigned in March 2005. (*Id.* ¶ 31). Defendants rehired Plaintiff in July 2006. (*Id.* ¶ 32).

Plaintiff entered into an arbitration agreement in 2006 when Defendants rehired him. (Mem. in Support at Ex. A; Response at 2, Doc. No. 7, filed January 26, 2009). Plaintiff asserts, and Defendant does not dispute, that there was no arbitration agreement in place during Plaintiff's first period of employment by Defendants in 2000-2003 when the alleged discriminatory actions took place. (Response at 2; Reply, Doc. No. 8, filed February 2, 2009). Defendant argues that the

arbitration agreement, which states that it "covers all disputes arising out of or relating to [Plaintiff's] employment," applies retroactively to Plaintiff's first period of employment by Defendants.  (Reply at 3-4).

Plaintiff brought this action alleging, along with some state law claims, that Defendants discriminated against him because of his race and disability in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Americans with Disabilities Act of 1990, 42, U.S.C. § 12101. (Complaint at 8, 9).  Plaintiff asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1367(a) (Supplemental Jurisdiction).  (*Id.* at 2).

Defendants contend that the Court does not have subject matter jurisdiction because the causes of action set forth in the Plaintiff's Complaint arise out of Plaintiff's employment with Defendants and are subject to an arbitration agreement.  (Mem. in Support at 1, Doc. No. 6, filed January 21, 2009).  Defendants cite two district court cases for the proposition that dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper because the parties have agreed to submit claims to arbitration under an arbitration agreement.  (Mem. in Support at 3).

The Court is not persuaded by the two district court cases cited by Defendants.  The first case states, without any analysis, that "Where parties have agreed to submit claims to arbitration under a valid and enforceable arbitration clause or agreement, dismissal for lack of subject matter jurisdiction under Ruler 12(b)(1) is proper," and cites the second case relied on by Defendants. *Allstate Ins. Co. v. Masco Corp.*, 2008 WL 183651 *2 (E.D. Pa. 2008).  The second case merely states that courts have interpreted the Federal Arbitration Act "to permit dismissal if all issues raised in an action are arbitral and must be submitted to arbitration."  *Sagal v. First USA Bank, N.A.*, 69 F.Supp.2d 627, 632 (D. Del. 1999); *see also Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161,

1164 (5th Cir. 1992) (the court may dismiss, rather than stay, a case when all of the claims must be submitted to arbitration because retaining jurisdiction and staying the action will serve no purpose).

Section Three of the Federal Arbitration Act ("FAA") provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. "The purpose of the Arbitration Act is to compel a party to honor an agreement to arbitrate . . . To facilitate that compulsion, the Act deprives a court from proceeding to trial when it finds arbitration is required by agreement of the parties." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton*, 844 F.2d 726, 727 (10th Cir. 1988). "The Federal Arbitration Act does not oust the district court's jurisdiction over claims subject to arbitration." *Meyer v. Dans un Jardin, S.A.,* 816 F.2d 533, 538 (10th Cir. 1987) ("Section 3 of the Federal Arbitration Act contemplates continuing supervision by the district court to ensure that arbitration proceedings are conducted within a reasonable period of time, thus preventing any impairment of the plaintiffs' rights to seek relief."). Because the Federal Arbitration Act does not oust the district court's jurisdiction over claims subject to arbitration, the Court will deny Defendants' motion to dismiss this case for lack of subject matter jurisdiction.

**Americans with Disabilities Act Claim**

Plaintiff alleges that Defendants violated the Americans with Disabilities Act ("ADA") when they demoted him in September 2003 because of his dyslexia. (Complaint §§ 23, 25, 56-60). Plaintiff "learned for the first time in January 11, 2007 that his former boss had told a coworker that

he had terminated Plaintiff from his position in the ISC in 2003 because of Plaintiff's dyslexia." (Response at 6, n. 5). Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2007. (Complaint § 40).

Defendants contend that Plaintiff's claims for violation of the ADA should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to file a complaint with the EEOC within the statutorily mandated period of time. (Motion at 2). The ADA requires that Plaintiff file his charge of discrimination within 300 days of the alleged unlawful employment practice:

> 42 U.S.C. § 2000e-5(e)(1) requires that a charge of discrimination be filed within 180 days after the alleged unlawful employment practice occurred. However, "[i]f a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days." *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 110, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). New Mexico is one such state where the period of limitations is extended to 300 days. See *Mascheroni v. Board of Regents of the Univ. of Cal.*, 28 F.3d 1554, 1557 (10th Cir.1994).

*Deflon v. Danka Corp.*, 2001 WL 13260, *3 (10th Cir. 2001); *see also* 42 U.S.C. § 12117(a) (ADA, incorporating 42 U.S.C. § 2000e-5(e)(1)). Plaintiff filed his charge of discrimination with the EEOC over three years and six months after he was demoted.

Plaintiff argues that the EEOC found that Plaintiff's charge of discrimination was timely. (Response at 5). The EEOC's Dismissal and Notice of Rights form states "The EEOC is closing its file on this charge for the following reason:" which is followed by a list of possible reasons. (*See* Response at 12). Plaintiff apparently bases his argument on the fact that the EEOC did not select the reason which states "Your charge was not timely filed with EEOC." Instead, the EEOC gave the following reason:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of statutes. This does not certify that the respondent is in compliance with the statutes.

> No finding is made as to any other issues that might be construed as having been raised by this charge.

(Response at 12).  The EEOC's Dismissal and Notice of Rights form does not state that the EEOC found that Plaintiff timely filed his charge.  (*See* Response at 12).

Plaintiff also argues that he had 300 days from the time *he knew or should have known* of the facts supporting his charge of discrimination to file his EEOC charge.  (Response at 6).  Plaintiff cites no legal authority for this proposition.  The plain language of the statute states a charge shall be filed within 300 days "after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  "[I]t is not necessary for a claimant to know all the evidence upon which he will ultimately rely at trial in order to file a charge with the EEOC."  *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1187 (10th Cir. 2003) ("notice or knowledge of discriminatory motivation is not a prerequisite for a cause of action to accrue . . . . [o]n the contrary, it is knowledge of the adverse employment decision itself that triggers the running of the statute of limitations.").  One purpose of a charge and a complaint is to initiate the process of uncovering the facts relevant to an adverse employment action.  *See id.* at 1188.  Plaintiff was on notice at the moment of his demotion to inquire whether there was a discriminatory motive for the demotion.  *See id.*

Because Plaintiff failed to timely file his ADA charge with the EEOC, his ADA claim is time-barred.  *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) ("Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling.").  The Court will grant Defendants' Motion to dismiss Plaintiff's ADA claim.

**Civil Rights Act of 1866 Claim**

Plaintiff alleges that Defendants violated the Civil Rights Act of 1866 when they

discriminated against him because of his race. (Complaint §§ 51-55). According to the Complaint, the harassment occurred from March 2002 through September 2003 when Plaintiff was demoted. (*Id.* §§ 14-27).

In a one-sentence argument, Plaintiff states that claims of violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, need not first be filed with the EEOC. (Response at 6). "A claim under § 1981 does not require the filing of an EEOC charge." *Denetclaw v. Thoutt Brothers Concrete Contractors, Inc.*, 287 Fed.Appx. 17, 21 (10th Cir. 2008) (*quoting Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460 (1975) ("[T]he filing of a Title VII charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a § 1981 action.").

Plaintiff did not address the statute of limitations for his Section 1981 claim in his Response. Defendants raised the issue of the statute of limitations for the Section 1981 claim for the first time in their Reply. Plaintiff did not seek leave to file a surreply to address the statute of limitations.

While 42 U.S.C. § 1981 does not contain a statute of limitations, Congress has enacted a catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004). The catchall statute of limitation provides:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

28 U.S.C. § 1658. Section 1658 was enacted on December 1, 1990. Section 1981, which was amended in 1991, qualifies as an Act of Congress enacted after December 1, 1990 within the meaning of Section 1658. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. at 383.

Plaintiff did not commence his Section 1981 action within the four-year statute of

6

limitations. The limitations period governing Section 1981 accrues at the time of the unlawful act. *Edwards v. Boeing Co.*, 996 F.2d 310 (10th Cir. 1993) (unpublished); *see also Baker v. Bd. of Regents of State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993) ("A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). Plaintiff was demoted in September 2003. Plaintiff did not file his Complaint until February 29, 2008, more than four years after his demotion. Plaintiff made no argument that the statute of limitations should be subject to waiver, estoppel or equitable tolling. The Court will grant Defendants' Motion to dismiss Plaintiff's Section 1981 claim as time-barred.

**State Law Claims**

Plaintiff's Complaint alleges state law claims for breach of implied contract, breach of implied covenant of good faith and fair dealing, and promissory estoppel. Because it is dismissing all of the federal law claims, the Court will dismiss the state law claims without prejudice. *See* 28 U.S.C. 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

**IT IS SO ORDERED.**

Dated this 24th day of September, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Paul Michael Gayle-Smith
2961 Sundance Circle
Las Cruces, NM 88011-4609

*Attorney for Defendant:*

Gregory L. Biehler
6715 Academy Rd. NE
Albuquerque, NM 87109-3365